Ruffin, Chief Justice,
after stating the case as above, proceeded as follows: The Counsel for the defendant in this Court has very properly abandoned the second ground stated in the record. There can be no doubt that the Legislature hath power, and that there is an obligation, in sound morals and true policy, on that body, to protect the decency of divine worship, by prohibiting any actual interruption of those engaged in worship, or any practices, at or near the place, in which the Legislature may see a tendency to produce such interruption.
The Court is also of opinion, that the warrant is sufficient without naming any person as a vender of the articles sold. It would.not be, if the penalty was incurred by each and every act of sale; for then the sale ought to be set forth in its particulars of time, place and persons, in order that the defendant might conveniently plead to a second prosecution. But the provisions of the statutes under consideration, are of a different nature. They do not give a penalty for each act of sale, nor is any sale necessary to constitute the offence. The object of the Legislature was to prohibit the first step towards an establishment that might draw the idle, thought *321 less or dissipated, from the opportunities of wholesome edification to be derived from uniting in or witnessing divine worship. An attempt, therefore, to sell spirituous liquors or other like articles, or erecting a-booth or a stand, adjacent to a place of worship, for the purpose of such selling or giving away, is each an offence within the words of the act of 1808, 1 Rev. Stat. ch. 99, sec. 9. if a selling be not necessary to constitute the offence, a fortiori it need not be stated to whom a sale .was made; or whether it be made to one person or to fifty different persons, there is, under this act, but one offence committed, and but one penalty thereby incurred, on the same day.
In addition to the reasons urged in the Superior Court, the arrest of judgment is insistéd on here, for the further reason; that the warrant concludes “ against the form of the statute,” whereas it should have been “ statutes.” Upon looking into the Acts of Assembly, and the authorities to be found in the books, the Court thinks this objection well founded.
We understand the rule to be, that when an act cannot be made out to be criminal, or a penalty to be incurred, without reading more than one statute, it is then necessary that the indictment or declaration should run “ contrdformam stat utorumP Such is, the case here. The act of 1800 (Rev. St. c. 564,) is restricted to the Church or Meeting-house yard, and would not include pér se the present case. The act of 1808, (Rev. St. c. 761,) is in amendment of the former, and.enacts “that the said act shall extendió, and exclude all places within half a mile &c., and every person offending &c., shall be subject to the same penalty, as if the act was committed at Church or Meeting-house yards, and in every ■ respect the like proceeding shall be had thereon.” Neither will this act, looked at by itself, and not helped by theprece- ■ ding one, sustain this proceeding, because it expressly refers ■ to the first act, and thus adopts its provisions; and without knowing them, the latter act cannot be perfectly understood. As we conceive the law1 to be, therefore, the process ought to have concluded in the plural.
It is said, however, by the Attorney General, that this is not matter of substance and is cured by the verdict. But *322 the authorities appear clearly to be the other way. The con-elusion, “ against the form of the statute,” when the proceeding is founded on a statute, is substantial and indispensible. Scroter v. Harrington, 1 Hawks, 192—The Buncombe Turnpike Company v. McCarson, 1 Dev. & Bat. 306. Until the law shall be altered by a statute, (as has been recently done in England,) the same reasons require, as a matter of substance, a conclusion in the plural, where it is proper at all. The reason why the conclusions, contra formam statuti or statutorum are respectively necessary, is, that the pleadings should shew the grounds of fact and of law, on which the accusation is founded. Hence, formerly, the penal statute was recited, and consequently, if it was necessary to have-recourse to two statutes, to shew that the fact charged was a crime, it was requisite to recite both statutes. When the reference to the statute or statutes in the general terms now used was permitted, it became the duty of the pleader in each case to conclude properly, according to the creation of the offence, being by one statute or two, just as much as it was before, in similar cases, to recite one or both of the statutes.
Upon the supposition of the foregoing opinion, being entertained by the Court, the Attorney General moved the Court to allow the requisite amendment to be made. That, we think, may be done under the act of 1824, and the Revised Statute, ch. 3, sec. 1 and 10. Grist v. Hodges, 3 Dev. R. 199. The amendment does not change the issue between the parlies, and is according to the right and justice of the matter found by the jury. In ordinary cases, this amendment would be allowed only on the payment of the costs, for (he reasons given in the case cited. But as the State does not pay costs in any case, the amendment will be allowed, and a judgment entered for the State for the penalty, upon condition that no costs are claimed in either of the Courts against the defendant. The result is, that the defendant must pay the penalty and his own costs; so that the effect of the amendment is merely to save the parties the trouble, expense and delay of further litigation, leaving the costs to fall just as they would if the judgment were arrested.
Per Curiam. Amendment allowed and judgment affirmed.